1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

FILED
2023 SEP 05 10:53 AM
KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE #: 23-2-16817-8 SEA

IN THE SUPERIOR COURT OF WASHINGTON STATE
FOR KING COUNTY

GREAT AMERICAN E & S INSURANCE COMPANY, INDIVIDUALLY, AND AS ASSIGNEE OF CLAIMS FROM ITS INSURED C3 MANUFACTURING LLC, A COLORADO COMPANY,

Plaintiff,

vs.

HOUSTON CASUALTY COMPANY, GORDON REES SCULLY MANSUKHANI, LLP, SINARS SLOWIKOWSKI TOMASAKA LLC, J. SCOTT WOOD and CHRISTOPHER FURMAN,

Defendants.

NO.

**COMPLAINT FOR BREACH OF CONTRACT, INSURANCE BAD FAITH, VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT, EQUITABLE SUBROGATION, LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY**

COMES NOW THE PLAINTIFF, Great American E & S Insurance Company ("Great American"), individually, and as Assignee of Claims From its Insured C3 Manufacturing LLC, a Colorado Company, and for its causes of action against the defendants allege as follows:

I.       PLAINTIFF

1.1     Great American is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Cincinnati, Ohio.

COMPLAINT FOR BREACH OF CONTRACT, INSURANCE BAD FAITH, VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT, EQUITABLE SUBROGATION, LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY- 1

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA   98121-2174
(t) 206.386.5566

1.2    Great American brings this action as the assignee of claims against the defendants which were assigned to Great American by C3 Manufacturing LLC ("C3"), a Colorado LLC, as a result of a written assignment of claims executed between Great American and C3 on August 4, 2023.

1.3    Great American also brings this action in its individual capacity owing to its right to equitable subrogation from Houston Casualty Company ("Houston Casualty"), described herein below.

## II.    DEFENDANTS

2.1    Houston Casualty is a corporation organized under the laws of the State of Texas with its principal place of business in Texas. At all times material times, Houston Casualty was engaged in the business of issuing policies of insurance and providing insurance coverage to its policy holders, including in Washington State.

2.2    J. Scott Wood is an attorney at law licensed to practice law in Washington State. Mr. Wood resides in Seattle, King County, Washington. Mr. Wood was employed at the Seattle office of defendant Sinars Slowikowski Tomaska LLC ("Sinars") from January 2022 to April 28, 2023 and then at the Seattle office of defendant Gordon Rees Scully Mansukhani, LLP ("Gordon Rees") from April 28, 2023 to the present.

2.3    Christopher Furman is an attorney at law licensed to practice law in Washington State. Mr. Furman resides in Seattle, King County, Washington. At all times material hereto, Mr. Furman was employed at the Seattle office of defendant Sinars.

2.4    Gordon Rees is a law firm doing business as a limited liability partnership organized under the laws of the State of California, with its principal place of business in California. Gordon Rees maintains an office in Seattle, King County, Washington where all relevant acts and omissions took place.

COMPLAINT FOR BREACH OF CONTRACT, INSURANCE BAD FAITH, VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT, EQUITABLE SUBROGATION, LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY- 2

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA   98121-2174
(t) 206.386.5566

1      2.5     Sinars is a law firm doing business as a limited liability company organized

2   under the laws of the State of Illinois, with its principal place of business in Chicago, Illinois.

3   Sinars maintains an office in Seattle, King County, Washington where all relevant acts and

4   omissions took place.

5                          III.     **JURISDICTION AND VENUE**

6      3.1     Jurisdiction is proper in the Superior Court pursuant to Wash. Const. Art. IV,

7   §6, RWC 4.28.185(1)(a), (b) and (d) and RCW 48.05.215.

8      3.2     Venue in King County is proper because the acts and/or omissions giving rise to

9   the claims set out in this Complaint took place in King County, Washington and, pursuant to

10  RCW 48.05.220, the cause of action against Houston Casualty arose in King County,

11  Washington.

12                          IV.     **VICARIOUS LIABILITY**

13     4.1     The acts and/or omissions by Mr. Wood described herein took place within the

14  scope and course of his employment with Sinars and Gordon Rees such that Sinars and/or

15  Gordon Rees are liable for his tortious conduct.

16     4.2     The acts and/or omissions by Mr. Furman described herein took place within the

17  scope and course of his employment with Sinars such that Sinars is liable for his tortious

18  conduct.

19                             V.     **FACTS**

20     5.1     On August 1, 2019, while climbing a vertical wall at the Vertical World rock

21  climbing gym in Seattle, Michael Vandivere fell and sustained significant injuries.

22     5.2     On October 16, 2019 Mr. Vandivere filed suit for personal injuries in King

23  County Superior Court against Vertical World.

24     5.3     At the time he fell, Mr. Vandivere was using an auto belay, a device intended to

25  COMPLAINT FOR BREACH OF CONTRACT,
INSURANCE BAD FAITH, VIOLATIONS OF THE
WASHINGTON CONSUMER PROTECTION ACT,
EQUITABLE SUBROGATION, LEGAL
MALPRACTICE AND BREACH OF FIDUCIARY
DUTY- 3

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA   98121-2174
(t) 206.386.5566

1    assist vertical wall climbers to safely descend a climbing wall, that was manufactured by C3.

2         5.4    On May 21, 2021, in a second-amended complaint, Mr. Vandivere named C3 as

3    a defendant in the lawsuit, alleging that C3's auto belay device failed, owing to defects in

4    manufacturing and/or design.

5         5.5    On or about May 25, 2021, Mr. Vandivere's counsel served C3.

6         5.6    At the time Mr. Vandivere was injured, C3 was insured by two policies of

7    insurance covering commercial general liability, including products liability claims.

8         5.7    One policy was issued to C3 by Great American under Policy No. PL1745347-

9    01 (the "Great American Policy"). The Great American Policy provided C3 with primary

10   commercial general liability insurance, subject to a $1,000,000 per occurrence limit.

11        5.8    The second policy, an excess-umbrella policy, was issued to C3 by Houston

12   Casualty under Policy No. H18PX50121-00 to C3 (the "Houston Casualty Policy"). The

13   Houston Casualty Policy is excess to the Great American Policy and provided C3 $4,000,000

14   of umbrella coverage over the Great American Policy.

15        5.9    The Houston Casualty Policy generally follows form to the terms and conditions

16   of the Great American Policy but also contains its own terms, including terms that limit the

17   circumstances under which Houston Casualty may seek to cancel or attempt to void the policy.

18        5.10   Section IV (Conditions), Paragraph 8 of the Houston Casualty Policy is entitled

19   "Cancellation."  It provides in relevant part that Houston Casualty may cancel the policy but

20   only by providing written notice to C3 "at least . . . 60 days before the effective date of the

21   cancellation."

22        5.11   The Cancellation provision does not permit Houston Casualty to retroactively

23   cancel the policy. Section IV (Conditions), Paragraph 13 of the Houston Casualty Policy is

24   entitled "Representations or Fraud." It provides that Houston Casualty may void a policy if it

25

COMPLAINT FOR BREACH OF CONTRACT,
INSURANCE BAD FAITH, VIOLATIONS OF THE
WASHINGTON CONSUMER PROTECTION ACT,
EQUITABLE SUBROGATION, LEGAL
MALPRACTICE AND BREACH OF FIDUCIARY
DUTY- 4

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA   98121-2174
(t) 206.386.5566

1  determines that the "statements in the Declarations" are not accurate and complete because of

2  fraud. None of the statements in the Declarations is untrue, much less fraudulent. Moreover,

3  Houston Casualty's attempt to rescind or cancel the policy nearly three and a half years after

4  Mr. Vandivere's accident and six months before trial violated Washington law, including RCW

5  48.18.320.

6        5.12    Shortly after the second amended Vandivere complaint was filed, C3 was

7  served with a summons and complaint that it tendered to Great American, C3's primary insurer

8  for the period implicated by the claims in the lawsuit.

9        5.13    Great American retained Mr. Wood, then a lawyer at Foley & Mansfield, to

10 defend C3 against the lawsuit.

11       5.14    On or about January 2022, Mr. Wood left Foley & Mansfield and joined Sinars.

12 C3 subsequently retained Sinars and Mr. Wood.

13       5.15    Mr. Wood worked on the *Vandivere* action with other Sinars lawyers, including

14 Duncan Lemmon, a partner based in California, and Christopher Furman, an associate based in

15 Seattle.

16       5.16    While employed at Sinars, Mr. Wood prepared discovery responses on C3's

17 behalf, which disclosed the Great American and Houston Casualty policies as policies that

18 provided coverage to C3 at the time of the accident.

19       5.17    Mr. Wood, also while employed at Sinars, prepared a response to a discovery

20 request that asked C3 to identify all dates and locations in which employees, agents, attorneys,

21 directors, and officers of Vertical World met with employees, agents, attorneys and directors

22 and officers of C3. In that response, Mr. Wood identified two incidents involving Vertical

23 World's tour of C3's facility and a meeting in April 2022 with Vertical World, C3 and the

24 Plaintiffs and stated that C3 did not recall meeting on any other occasion.

25 COMPLAINT FOR BREACH OF CONTRACT,
INSURANCE BAD FAITH, VIOLATIONS OF THE
WASHINGTON CONSUMER PROTECTION ACT,
EQUITABLE SUBROGATION, LEGAL
MALPRACTICE AND BREACH OF FIDUCIARY
DUTY- 5

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA   98121-2174
(t) 206.386.5566

1    5.18    Great American notified Houston Casualty of the action on July 22, 2022.

2    5.19    On January 26, 2023, Houston Casualty sent a letter to C3 purporting to rescind

3    the Houston Casualty Policy based on alleged material misrepresentations it claimed C3

4    knowingly made in the application for the policy.

5    5.20    Also on January 26, 2023, the broker that placed the Houston Casualty policy,

6    Veracity Insurance Solutions, sent a Policy Change Notification to C3. The cover e-mail

7    forwarding the cancellation notice described it as a "FLAT CANCELLATION of policy per

8    the carrier's request." In breach of the cancellation provision in the Houston Casualty Policy,

9    the Policy Change Notification indicated that the Houston Casualty Policy was "cancelled

10   effective inception."

11   5.21    Mr. Wood was contemporaneously notified of Houston Casualty's position that

12   the Houston Casualty Policy was rescinded and cancelled but he did not supplement C3's

13   discovery responses in the *Vandivere* action with respect to the insurance coverage available to

14   potentially pay Mr. Vandivere's and the other Plaintiffs' claims.

15   5.22    The January 26 letter enclosed a refund check for the premium associated with

16   the Houston Casualty Policy, and the Policy Change Notification was accompanied by an

17   invoice that also reflected the return of the premium amount to C3 as a result of the

18   cancellation.

19   5.23    C3 did not cash the check and contested the rescission/cancellation attempt

20   because it was based on a false premise that C3 intentionally misrepresented a material fact

21   with the intent to deceive Houston Casualty.

22   5.24    In fact, C3 answered the question Houston Casualty used to try to justify

23   rescission truthfully, based on its understanding of the meaning of the question in consultation

24   with its broker.

25   COMPLAINT FOR BREACH OF CONTRACT,
     INSURANCE BAD FAITH, VIOLATIONS OF THE
     WASHINGTON CONSUMER PROTECTION ACT,
     EQUITABLE SUBROGATION, LEGAL
     MALPRACTICE AND BREACH OF FIDUCIARY
     DUTY- 6

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA   98121-2174
(t) 206.386.5566

1   5.25   On February 27, 2023, C3's coverage counsel responded to Houston Casualty's

2   purported termination/cancellation and explained why Houston Casualty's acts were

3   inappropriate and based on the false premise that C3 intentionally made false statements in its

4   insurance application with the intent to deceive Houston Casualty.

5   5.26   On March 13, 2023, Andrew Lavin and Melissa Wiese, lawyers at Gordon

6   Rees, wrote C3's coverage counsel on behalf of Houston Casualty and affirmed Houston

7   Casualty's coverage position, wrongly accusing C3 of making material misrepresentations in

8   its insurance application.

9   5.27   Upon information and belief, Mr. Lavin and Ms. Wiese and Gordon Rees had

10   been Houston Casualty's insurance coverage counsel with respect to C3's claim for coverage

11   from at least the fall of 2022.

12   5.28   Although C3 disagreed with, and continues to disagree with, Houston

13   Casualty's position, Washington Rule of Court 26(e) required Mr. Wood to seasonably

14   supplement C3's discovery responses to reflect Houston Casualty's purported recission, which

15   was communicated to Mr. Wood no later than January 26, 2023.

16   5.29   Mr. Wood did not supplement the discovery responses, nor did he notify Mr.

17   Vandivere's counsel of the material change in the amount of insurance coverage available for

18   the Vandiveres' damages.

19   5.30   On April 1, 2022, the same day C3, Vertical World, and Plaintiffs inspected

20   C3's allegedly defective product, Mr. Furman joined a Vertical World climbing facility in

21   Lynnwood, Washington without telling C3 or any party to the Vandivere case. Mr. Furman did

22   inform Mr. Lemmon.

23

24

25   COMPLAINT FOR BREACH OF CONTRACT,
INSURANCE BAD FAITH, VIOLATIONS OF THE
WASHINGTON CONSUMER PROTECTION ACT,
EQUITABLE SUBROGATION, LEGAL
MALPRACTICE AND BREACH OF FIDUCIARY
DUTY- 7

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA  98121-2174
(t) 206.386.5566

1     5.31   On March 5, 2023, Mr. Furman joined Vertical World's Seattle facility, the

2  same facility where Mr. Vandivere was injured.  Between April 1, 2022, and April 26, 2023,

3  Mr. Furman visited the Lynnwood and Seattle gyms dozens of times.

4     5.32   Neither Mr. Wood nor anyone at Sinars supplemented C3's discovery responses

5  to report Mr. Furman's contact with employees of Vertical World.

6     5.33   Mr. Furman testified in a deposition that he ultimately decided to notify Vertical

7  World that he had been using the gym because, in his words, certain Vertical World employees

8  were giving him "some side-eye" and he felt "kind of being observed by people in the gym,"

9  although he could not identify the employees to whom he was referring by gender, age, or any

10 other identifying characteristic.

11    5.34   On April 28, 2023, Mr. Wood, while representing C3, joined the firm of Gordon

12 Rees, the same firm where Mr. Lavin and Ms. Wiese worked while representing Houston

13 Casualty with respect to the rescission and cancellation of the Houston Casualty Policy.

14    5.35   Prior to the date he joined Gordon Rees and took C3's defense of the Vandivere

15 case with him, Mr. Wood and Gordon Rees knew or should have known that Gordon Rees

16 represented Houston Casualty in an insurance coverage dispute against Mr. Wood's client C3.

17    5.36   For a period of two weeks, Mr. Wood continued to represent C3 at Gordon Rees

18 even though he and Gordon Rees had an ethically impermissible conflict of interest between

19 representing both C3 and Houston Casualty. During this time period, Mr. Wood did not

20 disclose Houston Casualty's attempt to rescind and cancel the Houston Casualty Policy.

21    5.37   In May of 2023, Mr. Wood and Gordon Rees acknowledged that their dual

22 representation of C3 and Houston Casualty constituted an ethically improper and impermissible

23 conflict of interest, and they moved to withdraw as C3's counsel.

24

25

COMPLAINT FOR BREACH OF CONTRACT,
INSURANCE BAD FAITH, VIOLATIONS OF THE
WASHINGTON CONSUMER PROTECTION ACT,
EQUITABLE SUBROGATION, LEGAL
MALPRACTICE AND BREACH OF FIDUCIARY
DUTY- 8

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA   98121-2174
(t) 206.386.5566

5.38    Sinars refused to reengage in C3's defense, forcing Great American to bring in a new law firm to defend C3 only weeks before the scheduled trial.

5.39    The Court granted the motion for Mr. Wood to withdraw as C3's counsel in the *Vandivere* action, but in a scathing May 22, 2023 order, one month before trial, chastised C3 and Mr. Wood for what it described as a "dizzying array of attorney withdrawals/substitutions and law firm changes by counsel" and highlighted the problem Mr. Wood caused by joining a firm with a known conflict:

> The Court notes that this matter has been continued no fewer than 6 times.  The parties have waited four and half years for their day in court.  The Court is troubled by what can only be described as C3's dizzying array of attorney withdrawals/substitutions and law firm changes by counsel.  With an Order signed by Judge Shaffer on October 12, 2022 indicating there would be no further continuances **for any reason** and an **agreed** trial date of June 5, 2023 entered on October 18, 2022, requesting a continuance two weeks away from trial is unacceptable and **prejudices all parties and counsel**.  Counsel for C3 was fully aware of the October 12th and 18th Orders and yet chose to change firms within a month of a hard set trial **without first ascertaining that there was no conflict with the new firm.**

(emphasis supplied).

5.40    On May 5, 2023, Vertical World disclosed to the Plaintiffs that, notwithstanding C3's discovery responses, Mr. Furman had accessed the Vertical World gyms without notice more than two dozen times.

5.41    On May 22, 2023, after Mr. Wood's withdrawal, C3's new counsel promptly disclosed to the parties to the *Vandivere* action that Houston Casualty had attempted to cancel and/or rescind its policy and was taking the position that there was no coverage available under its policy for the Plaintiffs' claims.

COMPLAINT FOR BREACH OF CONTRACT, INSURANCE BAD FAITH, VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT, EQUITABLE SUBROGATION, LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY- 9

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA  98121-2174
(t) 206.386.5566

5.42    On May 24, 2023, Plaintiffs moved for sanctions against C3 based on Mr. Furman's undisclosed visits and the failure to disclose, before May 22, 2023, Houston Casualty's coverage position.

5.43    On June 14, 2023, shortly before trial was scheduled to begin, the Court granted Plaintiffs' motion, ordered monetary sanctions, and indicated that it would provide a jury instruction that would allow the jury to make a negative inference from what it found to be C3's discovery misconduct.

5.44    The Court also made a number of factual and legal findings, including that: (i) Mr. Wood's misconduct was egregious and a "massive breach of the rules of discovery by C3 and its attorneys"; (ii) Mr. Furman's visits to Vertical World were an "unbridled effort" to engage in "covert discovery"; (iii) Mr. Furman's unauthorized contact with Vertical World's employees was a violation of Washington Rules of Professional Conduct 4.2 and 4.3; and (iv) Mr. Wood knew about the Houston Casualty conflict and that "he never could have taken [the *Vandivere* Action] with him because [Gordon Rees] represent[ed] the insurance company which rescind[ed] the excess insurance policy."

5.45    The Court also, for the first time in ten years on the bench, referred an attorney to the Washington State Bar Association, Mr. Wood.

5.46    The Plaintiffs in the *Vandivere* action also alleged that, as a result of the above-referenced misconduct, Great American was obligated to fund the entirety of any judgment, irrespective of its limit.

COMPLAINT FOR BREACH OF CONTRACT,
INSURANCE BAD FAITH, VIOLATIONS OF THE
WASHINGTON CONSUMER PROTECTION ACT,
EQUITABLE SUBROGATION, LEGAL
MALPRACTICE AND BREACH OF FIDUCIARY
DUTY- 10

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA   98121-2174
(t) 206.386.5566

5.47    Faced with negligence and breaches of fiduciary duty by two law firms, and a breach of contract by a co-insurer on the eve of trial, all of which declined to participate in discussions regarding an appropriate settlement of the *Vandivere* action, C3 and Great American were forced to resolve the *Vandivere* action for an amount that was significantly higher than it otherwise would have been and involved sums greatly in excess of Great American's policy limits; sums that should have been paid by Houston Casualty (or one or more of the other defendants).

5.48    Houston Casualty's breach of its contract, its bad faith claims handling, and the negligence and breaches of fiduciary duty by Mr. Wood, Mr. Furman, Sinars, and Gordon Rees forced C3 and Great American to resolve the *Vandivere* action for a confidential amount that was significantly higher than it otherwise would have been and involved sums greatly in excess of Great American's policy limits; sums that should have been paid by Houston Casualty.

5.49    On August 9, 2023, the Court awarded additional monetary sanctions to Vertical World as a result of Mr. Wood's, Mr. Furman's and Sinar's misconduct. Great American is paying on C3's behalf a portion of those sanctions concurrently with the filing of this action and anticipates paying an additional amount on or before September 29, 2023.

## VI.    FIRST CAUSE OF ACTION

### *Breach of Contract by Houston Casualty*

6.1    Plaintiff incorporates by reference Sections I-V as if set forth fully herein.

6.2    By refusing to provide coverage, by refusing to participate in the settlement of the *Vandivere* action, and by refusing to fund its share of the *Vandivere* Settlement,

COMPLAINT FOR BREACH OF CONTRACT,
INSURANCE BAD FAITH, VIOLATIONS OF THE
WASHINGTON CONSUMER PROTECTION ACT,
EQUITABLE SUBROGATION, LEGAL
MALPRACTICE AND BREACH OF FIDUCIARY
DUTY- 11

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA   98121-2174
(t) 206.386.5566

1  Houston Casualty breached the Houston Casualty Policy by unilaterally and wrongfully

2  purporting to rescind and/or cancel its policy with C3 after an injury-causing event, without a

3  reasonable basis to do so, in violation of terms of the contract, the doctrine of equitable

4  estoppel and Washington State's insurance bad faith law including, but not limited to,

5  Washington's public policy to preserve insurance compensation sources for injured persons

6  after an injury-causing event.

7          6.3     As a direct and proximate result of Houston Casualty's breach of contract, Great

8  American, as C3's contractual and equitable subrogee and assignee, has suffered damages

9  including that: (i) Great American paid the portion of the settlement of the *Vandivere* action

10  that was rightfully and legally owed by Houston Casualty and; (ii) the amount paid to resolve

11  the *Vandivere* action was higher than it would have been but for Houston Casualty's breach(es)

12  of contract.

13                          **VII.    SECOND CAUSE OF ACTION**

14          ***Violation of Washington's Insurance Fair Conduct Act By Houston Casualty***

15          7.1     Plaintiff incorporates by reference Sections I-VI as if set forth fully herein.

16          7.2     Houston Casualty's wrongful purported rescission and/or cancellation of C3's

17  policy violated Washington State's Insurance Fair Conduct Act (IFCA), including RCW

18  48.30.010, 48.30.015 and Washington Administrative Code Regulations, including WAC 284-

19  30-330 and Washington's public policy to preserve insurance compensation sources for injured

20  persons after an injury-causing event.

21          7.3     C3 did not make material misrepresentations in connection with its application

22  for insurance and, as a result, Houston Casualty had no good faith basis to attempt to rescind or

23  cancel the Houston Casualty Policy. Houston Casualty also had no good faith basis to attempt

24  to rescind or cancel the Houston Casualty Policy after the occurrence of Mr. Vandivere's injury

25  COMPLAINT FOR BREACH OF CONTRACT,
INSURANCE BAD FAITH, VIOLATIONS OF THE
WASHINGTON CONSUMER PROTECTION ACT,
EQUITABLE SUBROGATION, LEGAL
MALPRACTICE AND BREACH OF FIDUCIARY
DUTY- 12

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA   98121-2174
(t) 206.386.5566

1    for which C3 was alleged to be liable.

2        7.4    Houston Casualty had a duty not to attempt to rescind or cancel the Houston

3    Casualty Policy, a duty to participate in settlement discussions, a duty to pay its share of the

4    settlement of the *Vandivere* action and also a duty not to make false allegations of fraud and

5    dishonesty against its policyholder, knowing that the Plaintiffs in the *Vandivere* action would

6    learn about the allegations, thereby allowing them to be unfairly used against C3.

7        7.5    As a direct and proximate result of one or more of the aforesaid breaches of

8    duty by Houston Casualty, Great American, as C3's contractual and equitable subrogee and, to

9    the extent permitted, assignee, has suffered economic and noneconomic damages, including

10    that: (i) Great American funded the portion of the settlement of the *Vandivere* action owed by

11    Houston Casualty and; (ii) the amount paid to resolve the *Vandivere* action was higher than it

12    would have been but for Houston Casualty's breaches of duty.

13        7.6    Plaintiff seeks all damages recoverable under the IFCA, including treble

14    damages and attorney's fees as authorized by the IFCA.

15                        **VIII.   THIRD CAUSE OF ACTION**

16        ***Violation of Washington's Consumer Protection Act By Houston Casualty***

17        8.1    Plaintiff incorporates by reference Sections I-VII as if set forth fully herein.

18        8.2    Houston Casualty's wrongful purported rescission/cancellation of the Houston

19    Casualty Policy, including its bad faith denial of coverage and other violations of

20    Washington's Insurance Fair Conduct Act and Washington Administrative code regulations

21    cited herein above, constitute per se violations of Washington's Consumer Protection Act,

22    Chapter 19.86 RCW ("CPA").

23        8.3    As a direct and proximate result of Houston Casualty's violations of

24    Washington's CPA, Great American, as C3's contractual and equitable subrogee and, to the

25    COMPLAINT FOR BREACH OF CONTRACT,
INSURANCE BAD FAITH, VIOLATIONS OF THE
WASHINGTON CONSUMER PROTECTION ACT,
EQUITABLE SUBROGATION, LEGAL
MALPRACTICE AND BREACH OF FIDUCIARY
DUTY- 13

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA   98121-2174
(t) 206.386.5566

1  extent permitted, assignee, has suffered damages as a result of the violations, including that: (i)

2  Great American funded the portion of the settlement of the *Vandivere* action owed by Houston

3  Casualty and; (ii) the amount paid to resolve the *Vandivere* action was higher than it would

4  have been but for Houston Casualty's breach.

5      8.4     Plaintiff seeks all damages recoverable under the CPA, including treble

6  damages and attorney's fees as authorized by the CPA.

7              **IX.     FOURTH CAUSE OF ACTION**

8          ***Equitable Indemnity/Subrogation From Houston Casualty***

9      9.1     Plaintiff incorporates by reference Sections I-VIII as if set forth fully herein.

10     9.2     In addition to claims based on Great American's status as C3's contractual and

11 equitable subrogee and assignee, Great American also has an independent claim for equitable

12 subrogation against Houston Casualty.

13     9.3     Houston Casualty's breach of its contract with C3 and its violation of

14 Washington's IFCA and CPA proximately caused damage to Great American by interfering

15 with Great American's ability to resolve the *Vandivere* action when it was prudent and

16 reasonable to do so, and by exposing Great American to litigation with the Plaintiffs and C3.

17     9.4     Great American reached a settlement resolving all claims in the *Vandivere*

18 action but was forced to fund the portion of the settlement that should have been paid by

19 Houston Casualty.

20     9.5     Great American's actions were necessitated by, and the proximate result of,

21 Houston's Casualty's wrongful acts and breaches of duty and were necessary to protect Great

22 American's and C3's interests because, had Great American not resolved the *Vandivere* action,

23 Great American would have been forced to continue paying defense costs in the action and was

24 exposed to potential claims from both the Plaintiffs in the *Vandivere* action and C3.

25
COMPLAINT FOR BREACH OF CONTRACT, INSURANCE BAD FAITH, VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT, EQUITABLE SUBROGATION, LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY- 14

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA   98121-2174
(t) 206.386.5566

9.6     Great American is entitled to equitable indemnity from Houston Casualty for the damages Great American sustained, including that: (i) Great American funded the portion of the settlement of the *Vandivere* action owed by Houston Casualty and; (ii) the amount paid to resolve the *Vandivere* action was higher than it would have been but for Houston Casualty's breach.

## X.     FIFTH CAUSE OF ACTION

### *Legal Malpractice By Mr. Wood, Mr. Furman, Sinars, and Gordon Rees*

10.1     Plaintiff incorporates by reference Sections I-IX as if set forth fully herein.

10.2     As C3's attorneys, Mr. Wood, Mr. Furman, Sinars, and Gordon Rees owed C3 a duty to comply with the standard of care of reasonable, careful, and prudent attorneys in the State of Washington acting in the same or similar circumstances.

10.3     Mr. Wood and Gordon Rees breached the duty of care by, among other things, failing to timely supplement C3's discovery responses relating to the Houston Casualty insurance coverage dispute.

10.4     Mr. Wood, Mr. Furman and Sinars also breached the duty of care by allowing Mr. Furman to visit the Vertical World gym while participating in the defense of the Vandivere action.

10.5     Prior, and subsequent to, Mr. Wood's becoming an employee of Gordon Rees, Mr. Wood and Gordon Rees had an obligation to disclose to C3, Great American and the Court in the *Vandivere* action that Mr. Wood intended to join the firm and, as such, he would have a disqualifying conflict of interest created by his representation of C3 and Gordon Rees's representation of Houston Casualty in the C3 coverage dispute.

10.6     Mr. Wood's, Mr. Furman's, Sinars's, and Gordon Rees's aforementioned breaches of the duty, proximately caused damage to Great American, as C3's contractual and

COMPLAINT FOR BREACH OF CONTRACT,
INSURANCE BAD FAITH, VIOLATIONS OF THE
WASHINGTON CONSUMER PROTECTION ACT,
EQUITABLE SUBROGATION, LEGAL
MALPRACTICE AND BREACH OF FIDUCIARY
DUTY- 15

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA  98121-2174
(t) 206.386.5566

equitable subrogee and, to the extent permitted, assignee by: (i) it was required to pay more in settlement of the *Vandivere* action, and; (ii) it paid and expects to pay in the future court-ordered sanctions on C3's behalf.

## XI.      SIXTH CAUSE OF ACTION

### *Breach of Fiduciary Duty by Mr. Wood, Mr. Furman, Sinars and Gordon Rees*

11.1      Plaintiff incorporates by reference Sections I-X as if set forth fully herein.

11.2      As C3's attorneys, Mr. Wood, Mr. Furman, Sinars, and Gordon Rees owed C3, as a matter of law, a fiduciary duty, including the obligations of utmost good faith, complete honesty, full disclosure (the duty to inform) and loyalty.

11.3      Mr. Wood and Gordon Rees breached their fiduciary duty to C3 by failing to identify and disclose, prior to Mr. Wood's accepting at Gordon Rees, that his employment would create a direct conflict of interest between Gordon Rees's representation of C3 and Gordon Rees's representation of Houston Casualty.

11.4      Mr. Furman and Sinars breached their fiduciary duty to C3 by failing to inform C3, prior to Mr. Furman's visits that they intended to conduct intentional and unethical contacts with a represented party, by failing to explain the potential adverse consequences to C3 and by failing to inform C3 that they had done so.

11.5      Mr. Wood's, Mr. Furman's, Sinar's, and Gordon Rees's breaches of fiduciary duty proximately caused damage to Great American, as C3's contractual and equitable subrogee and, to the extent permitted assignee, including that: (i) it was required to pay more in settlement of the *Vandivere* action than it otherwise would have had to pay, and; (ii) it paid and expects to pay in the future court-ordered sanctions on C3's behalf.

## XII.      AD DAMNUM

COMPLAINT FOR BREACH OF CONTRACT, INSURANCE BAD FAITH, VIOLATIONS OF THE WASHINGTON CONSUMER PROTECTION ACT, EQUITABLE SUBROGATION, LEGAL MALPRACTICE AND BREACH OF FIDUCIARY DUTY- 16

**JOHNSON FLORA SPRANGERS PLLC**
2001 Western Avenue, Suite 205
Seattle, WA   98121-2174
(t) 206.386.5566

1    WHEREFORE, Plaintiff seeks judgment in its favor for all damages recoverable under

2  Washington law against Defendants Houston Casualty, Gordon Rees, Mr. Wood, Mr. Furman

3  and Sinars as follows:

4    The portion of the settlement of the *Vandivere* action that should have been paid by

5  Houston Casualty;

6    The excess amount required to resolve the *Vandivere* action;

7    The court ordered sanctions Great American paid on C3's behalf;

8    Treble and punitive damages, to the extent permissible; and

9    Awarding Great American such attorney's fees and litigation costs, and such other

10  relief that the Court deems just and proper.

11

12
    Dated this 5th day of September, 2023

13

14

15
                                        JOHNSON FLORA SPRANGERS PLLC
16
                                        By: */s/Mark Johnson*
17                                      Mark Johnson, WSBA No. 8463
                                        Michael Sprangers, WSBA No. 45501
18                                      2001 Western Ave, Ste 205
                                        Seattle, WA 98121
19                                      206-386-5566
                                        mark@johnsonflora.com
20                                      michael@johnsonflora.com

21
                                        Attorneys for Plaintiff Great American
22

23

24

25
   COMPLAINT FOR BREACH OF CONTRACT,              **JOHNSON FLORA SPRANGERS PLLC**
   INSURANCE BAD FAITH, VIOLATIONS OF THE              2001 Western Avenue, Suite 205
   WASHINGTON CONSUMER PROTECTION ACT,                   Seattle, WA   98121-2174
   EQUITABLE SUBROGATION, LEGAL                            (t) 206.386.5566
   MALPRACTICE AND BREACH OF FIDUCIARY
   DUTY- 17