UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GREAT AMERICAN E & S INSURANCE COMPANY, individually and as assignee of C3 MANUFACTURING LLC,

Plaintiff,

v.

HOUSTON CASUALTY COMPANY; GORDON REES SCULLY MANSUKHANI, LLP; SINARS SLOWIKOWSKI TOMASAKA LLC; J. SCOTT WOOD; and CHRISTOPHER FURMAN,

Defendants.

C23-1695 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) By Minute Order entered November 8, 2023, docket no. 5, the Court directed defendants to show cause why this case should not be remanded back to King County Superior Court as unremovable because two defendants, J. Scott Wood and Christopher Furman, are citizens of Washington. *See* 28 U.S.C. § 1441(b)(2); *see also* Compl. at ¶¶ 2.2 & 2.3 (docket no. 1-1). Defendant Houston Casualty Company ("Houston") filed a timely response, docket no. 10, and defendants Wood and Gordon Rees Scully Mansukhani, LLP ("Gordon Rees") filed a late response, docket no. 14. Plaintiff filed replies, docket nos. 11, 18, and 20, which the Court treats collectively as a timely motion to remand. *See* 28 U.S.C. § 1447(c). For the following reasons, plaintiff's motion to remand is GRANTED.

(a) Resident Defendants: Contrary to Houston's contention, citizens of Washington (namely Wood and Gordon Rees) were served as defendants before Houston removed this matter from state court, and thus, if such defendants were properly joined, the action was not removable. *See* Johnson Decl. at ¶ 1 & Ex. 1 (docket nos. 12 & 12-1); *see also* 28 U.S.C. 1441(b)(2).

MINUTE ORDER - 1

(b) <u>Lack of Diversity</u>: Neither the Complaint, docket no. 1-1, nor the Notice of Removal, docket no. 1, indicate the citizenship of Gordon Rees. In its briefing, however, plaintiff represents that Gordon Rees, which is a limited liability partnership and a citizen of every state in which one of its partners is a citizen, is a citizen of at least Ohio, in which it has three offices housing at least nine partners, and Washington, in which it has two offices and thirteen partners. <u>See</u> Pl.'s Reply at 3–4 & n.1 (docket no. 11); <u>see also</u> <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185 (1990). Plaintiff is also domiciled in Ohio, being incorporated and having its principal place of business there. <u>See</u> Compl. at ¶ 1.1 (docket no. 1-1). Thus, if Gordon Rees is a proper defendant, complete diversity does not exist and the Court lacks subject matter jurisdiction. <u>See</u> 28 U.S.C. § 1332(a).

(c) <u>No Allegation of Fraudulent Joinder</u>: Although Houston contends that the defendant lawyers (Wood and Furman) and law firms (Gordon Rees and Sinar Slowikowski Tomasaka LLC ("Sinar")) are fraudulently joined, Houston did not, as required, include such allegation in its Notice of Removal, docket no. 1. <u>See</u> 28 U.S.C. § 1446(a) (a notice of removal shall contain "a short and plain statement of the grounds for removal"); <u>see also</u> <u>Fetters v. Ewatt, Inc.</u>, No. CV 17-1916, 2017 WL 7066378 (C.D. Cal. Apr. 26, 2017) (rejecting a fraudulent joinder contention because it "was not pleaded in the notice of removal" and the notice of removal was not amended within the 30-day period after removal (citing <u>ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality of Montana</u>, 213 F.3d 1108, 1117 (9th Cir. 2000))).

(d) <u>Failure to Rebut Presumption Against Fraudulent Joinder</u>: To invoke diversity jurisdiction in this matter, Houston must carry a "heavy burden" of rebutting the "general presumption against [finding] fraudulent joinder." <u>See</u> <u>GranCare, LLC v. Thrower ex rel. Mills</u>, 889 F.3d 543, 548 (9th Cir. 2018). Fraudulent joinder may take one of two forms: (i) actual fraud in the pleading of jurisdictional facts; or (ii) joinder of a defendant that "cannot be liable on any theory." <u>See id.</u> Houston does not allege the first category of fraudulent joinder. With regard to the second type, Houston must show that, based on a "summary inquiry," the Court can "identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state [or non-diverse] defendant[s]." <u>See Hunter v. Philip Morris USA</u>, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting <u>Smallwood v. Ill. Cent. R.R. Co.</u>, 385 F.3d 568, 573–74 (5th Cir. 2004) (en banc)). Houston contends that, under Colorado law, plaintiff could not take an assignment of or subrogate to the legal malpractice claims belonging to its insured and therefore cannot assert those claims against the resident and/or non-diverse defendants in this action. Plaintiff argues that Washington law governs and allows the assignment or subrogation at issue. The Court cannot in "a summary manner," <u>see id.</u>, decide the conflict of law issue raised by the parties. And, given the "possibility" that "a state court would find that the complaint states

a cause of action against" the attorneys and/or law firms named as defendants, the Court "must find that the joinder was proper and remand the case to the state court." *Id.* at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)).

(2)   The Clerk is DIRECTED to send a copy of this Minute Order to all counsel of record and to REMAND this case to King County Superior Court.

Dated this 4th day of January, 2024.

                                            Ravi Subramanian
                                            Clerk

                                            s/Laurie Cuaresma
                                            Deputy Clerk